UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BOBBY PITTS,<br><br>                Defendant. | Case No.: 16-CR-1207-JLS<br><br>ORDER CONTUING MOTION HEARING/TRIAL SETTING AND EXCLUDING TIME FROM MAY 12, 2017 TO AUGUST 18, 2017 UNDER 18 U.S.C. § 3161(h)(1)(D) AND 18 U.S.C. § 3161(h)(7) |

The Court finds as follows:

1. On May 12, 2017, the parties appeared before the Court for a motion hearing and trial setting. At the hearing, defense counsel noted, and the United States concurred, that a discovery motion remained pending, and that there had been since it was filed and continued to be open discovery matters that had not yet been resolved by a hearing or other disposition as envisioned by 18 U.S.C. § 3161(h)(1)(D). (Doc. No. 52).

2. The parties also described a factual basis under 18 U.S.C. § 3161(h)(7), in that the ends of justice in the delay of the motion hearing and trial setting date had and continued to outweigh the interests of the public and the defendant in a more expeditious trial, including the unusual nature of the case, the voluminous discovery produced to the defendant, and defense counsel's need for additional time to review the materials and to evaluate how to defend the case.

3. On May 17, 2017, the Court entered an order finding the time between May 12, 2017 to June 30, 3017 to be excludable and excluded under the Speedy Trial Act (Doc. No. 54).

4. On June 13, 2017, at defendant's request, the parties submitted a joint motion to continue the Motion Hearing/Trial Setting from June 30, 2017 to August 18, 2017 at 1:30 p.m. (Doc. No. 55). IT IS HEREBY ORDERED that this motion is **Granted.**

5. The Court reiterates and hereby makes explicit its findings made at the May 12, 2017 and reiterated in its May 17, 2017 order that the time from the May 12, 2017 hearing date until June 30, 2017, shall be excluded from the Speedy Trial Act calculation, and further finds that time shall continue to be excluded from Speedy Trial Act calculations until the new August 18, 2017 motion hearing and trial setting date as follows:

6. The Court finds, based on the factors outlined in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), as set forth below, that the ends of justice are served by granting a continuance in this matter and outweigh the interest of the public and the defendant in a more expeditious trial.

7 Discovery in this case is voluminous. The Court is familiar with the nature of discovery in this investigation and the related cases, such as <u>United States v. Misiewicz</u>, 15-CR-0033-JLS. As represented by the United States, the discovery consists of terabytes of data, including documents obtained from overseas, hundreds of interview reports, contract documents, and correspondence. The United States has produced voluminous discovery to the defense and is making additional discovery collected as part of the broader investigation available, as requested.

8. As described by defense counsel at the May 12, 2017 hearing, as a result of the volume of discovery and the time needed to review and make effective use of that discovery, the defense has required and continues to require additional time to review the discovery and to evaluate how to defend the case.

9. The Court finds that this case is also complex due to the nature of the crimes alleged, the extraterritorial nature of those crimes, the potential for novel or complex factual and legal issues, as well as the fact that many witnesses to these crimes were and may continue to be located outside the United

States, among others.  18 U.S.C. § 3161(h)(7)(B)(ii).

10. As also expressed by the parties, the Court finds that the failure to grant such a continuance would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

11. In the alternative, the Court finds that time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), based on the pending defense motions pertaining to discovery, filed on June 14, 2016, and the need for a continuance to address the issues raised in those motions.

WHEREFORE, good cause having been shown, and pursuant to 18 U.S.C. § 3161(h)(1)(D) (pending motions) and 18 U.S.C. § 3161(h)(7)(A) (in the interests of justice and the complexity of the case, among other factors) it is hereby ORDERED that the time from May 12, 2017 to August 18, 2017 is excluded from Speedy Trial Act calculations.

IT IS SO ORDERED.

Dated:  June 14, 2017

Hon. Janis L. Sammartino
United States District Judge